UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROLANDO V.,

              Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

              Defendant.

**MEMORANDUM & ORDER**
24-CV-03769 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Rolando V.[1] brings this action against the Commissioner of the Social Security Administration ("SSA"), Frank Bisignano.[2] Although this case began as a standard appeal of the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits, the issues have narrowed substantially. Specifically, Defendant has moved to remand the case back to the SSA, including with a new Administrative Law Judge ("ALJ"), to evaluate Plaintiff's claim. *See* ECF No. 14-1 at 29 (Def.'s Remand Mot.).[3] Plaintiff, however, seeks even broader relief; specifically, he asks this Court to declare him disabled and to remand to the SSA only for the purpose of calculating his benefits. *See* ECF No. 10 at 46–47 (Pl.'s Rule 12(c) Mot.).

---

[1]    Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. The Clerk of Court has modified the docket to reflect Plaintiff's abbreviated name.

[2]    Pursuant to Rule 25(d), Commissioner Bisignano is automatically substituted for former Commissioner Martin O'Malley as Defendant in this case. The Clerk of Court has modified the docket to reflect Defendant's name.

[3]    Citations to ECF refer to the pages assigned by the Electronic Case Files System. All Administrative Record ("AR") page citations refer to the bold Bates stamp at the bottom right corner of each page. Unless otherwise indicated, when quoting cases and the AR, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

In light of the foregoing, on March 11, 2025, the Court issued the following:

> ORDER: Plaintiff seeks reversal of the Commissioner's final decision and remand for the sole purpose of calculating benefits. *See* ECF No. 10. In other words, Plaintiff seeks an order from this Court, as permitted under *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998), finding that "application of the correct legal standard could lead to only [the] one conclusion" that Plaintiff is disabled, *id.* at 504. This is also the exceptional case in which the Commissioner seeks remand without a stipulation of remand. *See* ECF No. 14. In light of the fact that one of Plaintiff's chief issues on appeal concerns the specific ALJ in his case, *see* ECF No. 10 at 26, and the Commissioner's representation that this case, if remanded, "will be assigned to a different ALJ," *see* ECF No. 14-1 at 29, it appears that further briefing on the narrow issue of the appropriate remedy would be of little utility, especially because "[a] remand solely for the calculation of benefits is an extraordinary action and is only proper when further development of the record would serve no purpose," *Pienkos v. Comm'r of Soc. Sec.*, No. 21-cv-0223, 2025 WL 591119, at *5 (E.D.N.Y. Feb. 21, 2025) (quotation omitted). Accordingly, Plaintiff is encouraged to consider and, if he chooses, to agree to file a stipulated remand with the Commissioner. Otherwise, if Plaintiff chooses to pursue the full relief he initially sought, his reply deadline remains March 25, 2025.

The parties never filed a stipulated remand, nor did Plaintiff file a reply brief.

Consistent with the parties' request, the Court will remand this case to the SSA, including to a new ALJ. The sole issue that remains is whether that remand should be for a renewed evaluation of Plaintiff's claimed disability or just for the calculation of benefits. As previously indicated, Plaintiff must clear a high hurdle to obtain the latter, "extraordinary" form of relief. *Pienkos*, 2025 WL 591119, at *5. That is because "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *See Michaels v. Colvin*, 621 F. App'x 35, 38–40 (2d Cir. 2015) (declining to remand solely for a benefits award). So, again, the Court must be confident that remand would serve "no purpose" before taking that step. *See Mariani v. Colvin*, 567 F. App'x 8, 11 n.3 (2d Cir. 2014) (declining to remand solely for a benefits award). Plaintiff has failed to show as much.

In the remand motion, Defendant raises substantial questions about whether Plaintiff engaged in substantial gainful activity at step one of the Commissioner's five-step analysis. *See*

ECF No. 14-1 at 25–26.  The ALJ concluded that Plaintiff had "significant earnings" during the relevant period but proceeded past this step "in the interest of administrative efficiency."  AR at 1165.  Defendant now says that remand is required to determine if Plaintiff's claim fails here.  *See* ECF No. 14-1 at 25.[4]  He raises apparent discrepancies in the record with respect to the extent of Plaintiff's work.  *See id.*  For example, during his hearing, Plaintiff acknowledged that he received earnings but claimed that his grandson actually performed the work for which Plaintiff was paid.  *See* AR at 1234–35.  Because Plaintiff did not file a reply, he never engages with these issues, and in light of this challenge, the Court cannot conclude that the record conclusively establishes that Plaintiff carried his burden at step one.  *See Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).  After all, it is Defendant's role, rather than the Court's, to determine whether Plaintiff engaged in substantial gainful activity at step one.  *See* 20 C.F.R. § 404.1520(a)(4)(i).  And the same goes for Defendant's resolution of credibility issues like the one presented here.  *See Susan B. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 225, 232 (D. Vt. 2021) ("It is the Commissioner who resolves evidentiary conflicts and determines credibility issues, and the court should not substitute its judgment for that of the Commissioner.").

Additionally, Defendant identifies various issues with the ALJ's treatment of competing medical evidence and Plaintiff's subjective complaints.  *See* ECF No. 14-1 at 26–27.  Here, the parties share at least some common ground.  For example, Defendant says that the ALJ failed to discuss the consistency of Dr. Nikkah's opinion with other record evidence, *id.* at 26, which is the same objection raised by Plaintiff, ECF No. 10 at 39–40.  Again, it is the Commissioner's role to weigh this competing evidence on remand.  *See Susan B.*, 515 F. Supp. 3d at 232.

---

4   The Commissioner may permissibly reconsider that issue on remand.  *See* 20 C.F.R. § 404.983(a) ("Any issues relating to the claim(s) may be considered by the Appeals Council or [ALJ] whether or not they were raised in the administrative proceedings leading to the final decision in the case.").

      Plaintiff raises a few discrete arguments in favor of remand for the calculation of benefits only, but the Court is unpersuaded.  First, he states that this case has been pending for around seven years and has involved multiple administrative hearings.  ECF No. 10 at 46.  However, the Second Circuit has squarely rejected the argument that "delay alone [is] a sufficient basis on which to remand solely for benefits."  *Mariani*, 567 F. App'x at 11 n.3 (citing *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996)).  Second, he argues that "[r]emand for further administrative proceedings would be unjust" in part because he objects to the "unconscionable" conduct of the ALJ and the ALJ's purported "refusal to follow remand orders."  ECF No. 10 at 47.  But even if his arguments regarding this specific ALJ were meritorious, this Court lacks authority to simply award benefits as a remedy.  *See Annette P. v. Comm'r of Soc. Sec.*, 578 F. Supp. 3d 1179, 1187 (D. Or. 2022) ("The court may not award benefits punitively . . . ."); *cf. Nguyen v. Kijakazi*, No. 20-cv-607, 2022 WL 542265, at *5 (E.D.N.Y. Feb. 23, 2022) ("[T]o the extent Plaintiff is seeking monetary damages for violations of the Social Security Act, his claim is barred by sovereign immunity.").

      Third, Plaintiff asserts that the record is "amply developed" and that if all the medical opinions were accepted, they would "outright support" the conclusion that he is disabled.  ECF No. 10 at 46–47.  To be sure, the record in this case is very large, but that does not support the conclusion that Plaintiff is disabled.  Plaintiff's remaining assertions about the conclusiveness of the record are heavy on case law but light on application.  In sum, his characterization of the record as so clearly one-sided is underdeveloped and conclusory, as Defendant highlights specific evidence in the record based on which he could conclude that Plaintiff was not disabled.  *See* ECF No. 14-1 at 28.  For instance, Defendant identifies medical evidence from Dr. Carr, AR at 667–68, in which he opined that "[t]he results of the exam appear to be consistent with

4

psychiatric problems, but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." The ALJ found that opinion "partially persuasive." *Id.* at 1168. With competing evidence like this in the record, the Court cannot say that further proceedings would serve "no purpose." *Pienkos*, 2025 WL 591119, at *5.

## **CONCLUSION**

For the reasons explained herein, Defendant's motion to remand, ECF No. 14, is granted in full, and Plaintiff's motion for judgment on the pleadings, ECF No. 10, is also granted except to the extent that Plaintiff seeks remand only for the calculation of benefits. This case is remanded to the SSA for further proceedings consistent with this Order. On remand, this case shall be assigned to a new ALJ. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       May 15, 2025